IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAYFORD M. GRAY,

    Plaintiff,

v.                                                     Civil Case No.: 2:18cv475

COLUMBIA GAS OF VIRGINIA, INC.,

    Defendants.

## FIRST AMENDED COMPLAINT

NOW COMES your plaintiff, Rayford M. Gray, by counsel, and as and for his First Amended Complaint against the defendant, states as follows:

1. Plaintiff Rayford M. Gray ("Gray") is a resident of Suffolk, Virginia.

2. Columbia Gas of Virginia, Inc. ("Columbia") is headquartered in Chesterfield County, and operates a facility located in Suffolk, Virginia, which is the location where Gray worked for Columbia at all times material to the issues presented in this Complaint.

3. In early 2015, Gray voluntarily participated in a neuropsychological evaluation that was performed by a licensed clinical psychologist/neuropsychologist ("Dr. Hunter"). Dr. Hunter noted that Gray experienced cognitive problems following an acute medical event three years prior to the testing, and she further noted that Gray had not been able to pass a computerized examination at work. Dr. Hunter observed and explained additional disabling conditions and deficits as memorialized in a letter dated April 27, 2015, a copy of which is attached hereto as Exhibit A. This letter

        and additional corroborating medical documents were provided to one or more appropriate representatives of Columbia.

4. On or about September 18, 2015, Gray filed a "Charge of Discrimination" against Columbia with the Virginia Division of Human Rights and the United States Equal Employment Opportunity Commission. A copy of said Charge of Discrimination is attached hereto as Exhibit B and incorporated by reference. The facts alleged in Gray's Charge of Discrimination are the following:

> I. I began employment with the Columbia Gas Company on or around March 1984, as a Plant Laborer. Since then, I have become a Service Tech. On April 4, 2015, I was discharged after 31 years, due to failing a test implemented this year. I failed the test three times and was sent to a neurologist, who diagnosed me with ADHD and I am also unable to read. I informed my supervisor and was not reinstated. I can perform the duties described in the test. I complete all tasks and duties of my job description efficiently.
>
> II. The reason I was given for my discharge is I was unable to pass the test given.
>
> III. I believe I was discharged and denied reinstatement in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

5. In the letter authored by Dr. Hunter dated April 27, 2015 (Exhibit A), she noted that Gray "has not been able to pass a computerized examination at work despite accommodations." What is not noted is the fact that the "accommodations" consisted of having an individual read questions to Gray, but neither that individual nor anyone else would answer any questions that

    Gray asked about the questions and testing procedures. There was no reasonable basis for refusing to answer any of Gray's questions, and all of the relevant decision-makers at Columbia were aware of Gray's demonstrated ability to perform the work in question. It appears that the test Gray was forced to take was unnecessary, and the refusal to provide him with full and adequate testing accommodations prevented him from having a reasonable opportunity to pass the test and perform his job.

6. For many years, Gray performed all of the essential functions of his job efficiently, appropriately and adequately. However, because of a test implemented in 2015, he was discharged from his position and discriminated against.

7. Without just cause, Gray was removed from the job he normally performed for Columbia, which constitutes an adverse employment action.

8. Gray was sent to a neurologist and then to Dr. Hunter, who diagnosed him with "ADHD" and other disabling conditions, which entitled Gray to legal protection pursuant to provisions of the ADA.

9. Gray has always been able to perform the essential job functions associated with his employment with Columbia and was doing so for many years before he was given a test that he was unable to pass.

10. The circumstances of removing Gray from his position simply because he could not pass a particular test give rise to a reasonable and natural inference that Gray was discriminated against on the basis of one or more actual

disabilities and/or one or more perceived disabilities.

11. Columbia was aware that Gray had been diagnosed with the disabilities outlined in Exhibit A. Columbia was also aware that Gray was able to perform the essential functions of his job and had been doing so for years. Columbia refused to allow Gray to continue performing his job and refused to give serious, good-faith consideration to providing reasonable accommodations that would allow Gray to continue performing his work.

12. At all times material, Gray has been able to perform the essential functions of his job with or without reasonable work accommodations. It was never the failure to perform the job that Columbia articulated as a problem. Instead, it was Gray's simple inability to pass an unnecessary test, and Columbia was aware that Gray was suffering from certain disabling conditions as identified in Dr. Hunter's letter attached hereto as Exhibit A.

13. Gray's various disabilities affect major life activities and prevented him from being able to pass the test that Columbia insisted that he pass. However, Gray was still able to do the actual work associated with his job. Because Columbia created needless obstacles to prevent Gray from continuing his job functions and/or because Columbia regarded Gray as being unable to do the actual work because of his inability to pass an unnecessary test, Columbia consciously and deliberately removed Gray from his position and refused to engage in the interactive process to develop reasonable accommodations and refused to give serious consideration to any kinds of accommodation that

       would have allowed Gray to pass the test and/or continue performing the work that he had performed for many years.

14. In discriminating against and unreasonably failing to accommodate Gray, Columbia acted intentionally and/or with a reckless disregard for Gray's rights.

15. As a result of the discrimination and refusal to accommodate suffered by Gray as explained herein, Gray sustained damages, including lost wages, stress, mental anguish and humiliation.

16. On May 25, 2017, the United States Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" to Gray, a copy of which is attached as Exhibit C. Accordingly, Gray filed a Complaint in the Circuit Court of the City of Suffolk pursuant to Exhibit B and in compliance with the deadline set forth in Exhibit C.

17. After Columbia was served with process, Columbia removed the litigation to federal court and the federal court exercised jurisdiction over this matter.

18. In an order entered by the federal court on January 14, 2019, the court determined, *inter alia*, that Gray's pleading was inadequate and that Columbia's motion to dismiss filed previously should be granted. However, the court also granted Gray leave to amend and this First Amended Complaint is filed in accordance with the deadline provided in the January 14, 2019 order.

WHEREFORE, for the foregoing reasons, your plaintiff, Rayford M. Gray,

respectfully requests that this Honorable Court award him judgment against defendant in an amount of compensatory damages justified by the evidence up to the sum of $300,000.00, punitive damages in the discretion of the trier of fact up to the sum of $350,000.00, back-pay, front-pay, injunctive relief to protect Gray and to prevent further acts of discrimination, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and such other and further relief as allowed by law and deemed equitable and appropriate under the circumstances of this matter.

    TRIAL BY JURY DEMANDED.

                                RAYFORD M. GRAY

                                By      /s/
                                Kevin E. Martingayle, Esquire
                                (VSB # 33865)
                                BISCHOFF MARTINGAYLE, P.C.
                                3704 Pacific Avenue, Suite 300
                                Virginia Beach, VA 23451
                                (757) 233-9991
                                (757) 428-6982 (facsimile)
                                Email: martingayle@bischoffmartingayle.com

## **CERTIFICATE**

I hereby certify that a true copy of the foregoing was filed electronically this 24th day of January, 2019, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

>Elizabeth A. Lalik (VSB #36500)
>Charles F. Trowbridge (VSB# 82736)
>Littler Mendelson, P.C.
>1650 Tysons Blvd., Suite 700
>McLean, VA 22102
>(703) 286-3137
>(703) 373-2628 (facsimile)
>Email: elalik@littler.com
>ctrowbridge@littler.com

>/s/
>Kevin E. Martingayle, Esquire (VSB # 33865)
>BISCHOFF MARTINGAYLE, P.C.
>3704 Pacific Avenue, Suite 300
>Virginia Beach, VA 23451
>(757) 233-9991
>(757) 428-6982 (facsimile)
>Email: martingayle@bischoffmartingayle.com